IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TOM OMONDI MZEE OWUOR, | : | 4:08-cv-2277 |
| | : | |
| Petitioner, | : | |
| | : | Hon. John E. Jones III |
| v. | : | |
| | : | Hon. J. Andrew Smyser |
| ATTORNEY GENERAL OF THE | : | |
| UNITED STATES, | : | |
| | : | |
| Respondent. | : | |

## MEMORANDUM

### October 14, 2009

## THE BACKGROUND OF THIS MEMORANDUM IS AS FOLLOWS:

This matter is before the Court on the Report and Recommendation

("R&R") of Magistrate Judge J. Andrew Smyser (Doc. 4) which recommends that

we dismiss Petitioner Tom Omondi Mzee Owuor's ("Petitioner") petition for a

writ of habeas corpus and close the case file. No objections to the R&R have

been filed by any party.[1] For the reasons set forth below, the Court will adopt the

R&R.

_____

[1] The R&R was filed on January 8, 2009, and objections were due by January 26, 2009.
No objections were filed by that deadline. By Order dated September 28, 2009 (Doc. 7), we
granted Plaintiff an *additional* ten days to file objections to the R&R, in light of the fact that his
address had changed and it was not clear whether he had received the R&R at his present place of
incarceration. Such objections were due by October 13, 2009. To this date, none have been
filed.

## I. STANDARD OF REVIEW

When, as here, no objections are made to a magistrate judge's report and recommendation, the district court is not statutorily required to review the report before accepting it. Thomas v. Arn, 474 U.S. 140, 149 (1985). According to the Third Circuit, however, "the better practice is to afford some level of review to dispositive legal issues raised by the report." Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987). "[T]he court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), advisory committee notes; see also Henderson, 812 F.2d at 878-79 (stating "the failure of a party to object to a magistrate's legal conclusions may result in the loss of the right to de novo review in the district court"); Tice v. Wilson, 425 F. Supp. 2d 676, 680 (W.D. Pa. 2006); Cruz v. Chater, 990 F. Supp. 375-78 (M.D. Pa. 1998); Oldrati v. Apfel, 33 F. Supp. 2d 397, 399 (E.D. Pa. 1998). The Court's examination of this case confirms the Magistrate Judge's determinations.

## II. BACKGROUND

Petitioner filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. The apparent purposes of the Petition was to challenge a removal order entered November 23, 2008 and to challenge the Petitioner's detention. Within the Petition, Petitioner stated that a motion for reconsideration of the

removal order was still pending in the immigration court. Accordingly, the Petitioner's removal order was not final and pursuant to 8 U.S.C. § 1226(a), his continued detention was lawful. Through a well-reasoned R&R dated January 8, 2009, Magistrate Judge Smyser recommended that we dismiss the case.

As we have already mentioned, neither Respondents nor the Petitioner have filed objections to this R&R, notwithstanding the fact that Petitioner was given multiple opportunities to file objections. Because we agree with the sound reasoning that led the Magistrate Judge to the conclusions in the R&R, we will adopt the R&R in its entirety. With a mind towards conserving judicial resources, we will not rehash the reasoning of the Magistrate Judge; rather, we will attach a copy of the R&R to this document, as it accurately reflects our consideration and resolution of the case <u>sub judice</u>.

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TOM OMONDI MZEE OWUOR, | : | **CIVIL NO. 4:08-CV-02277** |
| | : | |
| Petitioner | : | (Judge Jones) |
| v. | : | |
| | : | (Magistrate Judge Smyser) |
| ATTORNEY GENERAL OF THE | : | |
| UNITED STATES, | : | |
| | : | |
| Respondent | : | |

## **REPORT AND RECOMMENDATION**

On December 22, 2008, the petitioner filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. The petitioner also filed an application to proceed *in forma pauperis*. By a separate order we have granted the petitioner's application to proceed *in forma pauperis*.

It appears that the petitioner is challenging a removal order entered on November 23, 2008. The petitioner states that he has filed a motion for reconsideration with the immigration judge and that that motion is still pending.

Pursuant to 8 U.S.C. § 1252(a)(5) (as amended by the
Real ID Act of 2005, Pub.L. 109-13, 119 Stat. 231), this court
does not have jurisdiction to consider the petitioner's claim.
8 U.S.C. § 1252(a)(5) provides, in pertinent part:

> Notwithstanding any other provision of law
> (statutory or nonstatutory), including section
> 2241 of Title 28, or any other habeas corpus
> provision, and sections 1361 and 1651 of such
> title, a petition for review filed with an
> appropriate court of appeals in accordance with
> this section shall be the sole and exclusive
> means for judicial review of an order of
> removal entered or issued under any provision
> of this chapter, except as provided in
> subsection (e) of this section.

Subsection (e) of § 1252, which deals with judicial review of
removal orders entered under the expedited removal procedures
set forth in 8 U.S.C. § 1225(b)(1).  The petitioner has not
alleged that his removal order was entered under the expedited
removal procedures set forth in 8 U.S.C. § 1225(b)(1).
Accordingly, this court does not have jurisdiction to consider
the petitioner's challenge to his removal order.

The petitioner also challenges his detention.  Since
the petitioner's motion for reconsideration is still pending in
the immigration court, the petitioner's removal order is not
final.  Therefore, pursuant to 8 U.S.C. § 1226(a), the
petitioner may be detained.

Based on the foregoing, it is recommended that the petition for a writ of habeas corpus be dismissed and that the case file be closed.

/s/ *J. Andrew Smyser*
J. Andrew Smyser
Magistrate Judge

Dated:   January 8, 2009.

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

TOM OMONDI MZEE OWUOR,    :   **CIVIL NO. 4:08-CV-02277**
    :
        Petitioner    :   (Judge Jones)
    v.    :
    :   (Magistrate Judge Smyser)
ATTORNEY GENERAL OF THE    :
UNITED STATES,    :
    :
        Respondent    :

## NOTICE

Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3 of the Rules of Court, M.D.Pa., which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636(b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within ten (10) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.